**Office of Disciplinary Counsel v. McVay**

Disciplinary Board Docket no. 112 D.B. 2002.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

O'CONNOR, *Member,* November 2, 2004—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

On November 25, 2003, Office of Disciplinary Counsel filed a petition for discipline against respondent, William W. McVay III. The petition charged respondent with ethical misconduct arising from his failure to appear before the Disciplinary Board for the imposition of a private reprimand. Respondent did not file an answer to petition.

A disciplinary hearing was held on April 14, 2004, before Hearing Committee 4.14 comprised of Chair Beth L.F. Orbison, Esquire, and Members John P. Goodrich, Esquire, and Marcia H. Haller, Esquire. Respondent did not appear for the hearing.

The Hearing Committee filed a report on August 11, 2004, finding that respondent violated the Rules of Disciplinary Enforcement and Rules of Professional Con-

duct charged in the petition for discipline, and recommending that respondent be suspended for one year and one day.

This matter was adjudicated by the Disciplinary Board at the meeting on September 27, 2004.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner, whose principal office is located at Suite 1400, 200 North Third Street, Harrisburg, Pennsylvania 17101, is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power and duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania, and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid rules.

(2) Respondent, William W. McVay III, was born in 1963 and was admitted to practice law in the Commonwealth of Pennsylvania in 1990. He maintains his office at 107 Lamar Road, Pittsburgh, PA 15241. Respondent is subject to the disciplinary jurisdiction of the Disciplinary Board of the Supreme Court.

(3) Respondent is currently on inactive status due to his failure to fulfill his required Continuing Legal Education courses and to pay his annual assessment.

(4) Respondent has no prior record of discipline.

(5) In accordance with Rules 208(a)(2), (3) and (5), Pa.R.D.E., by order dated August 23, 2002, the Disciplinary Board determined that respondent should receive a private reprimand with condition as a result involving

misconduct in two separate matters at file reference no. C4-01-1049 and no. C4-02-274.

(6) The condition attached to the private reprimand states that, at least 10 days prior to the scheduled reprimand, respondent submit to the executive director and secretary of the board and Disciplinary Counsel proof that he paid $5,000 to Beechwood Settlement Funding Inc.

(7) By letter dated August 23, 2002, which was sent to respondent by both first class and certified mail, respondent was informed of the determination of the Disciplinary Board, and was forwarded a copy of the Disciplinary Board's order dated August 23, 2002.

(8) The letter dated August 23, 2002 further informed respondent that, pursuant to Rule 208(a)(6), Pa.R.D.E., respondent had 20 days to demand as of right that a formal proceeding be instituted against him before a hearing committee and that, in the event of such demand, respondent need not appear for the administration of the private reprimand.

(9) On August 26, 2002, respondent received the copies of the August 23, 2002 letter and order sent by certified mail.

(10) Respondent made no demand that a formal proceeding be instituted.

(11) As a result of respondent's failure to demand the institution of formal proceedings against him, respondent is conclusively deemed to have violated the Rules of Professional Conduct set forth in the August 23, 2002 letter and order.

(12) By notice dated December 16, 2002, sent to him by first class and certified mail, respondent was informed

that his private reprimand was scheduled for January 15, 2003.

(13) Although the certified mail copy of the notice was returned unclaimed, the copy sent by first class mail was not returned.

(14) On December 18, 2002, respondent made a request via voice mail message to Elaine M. Bixler, executive director and secretary to the Disciplinary Board, that the January 15, 2003 reprimand be continued because he was scheduled for ear surgery on that day.

(15) By letter dated January 9, 2003, sent to respondent by certified mail, and received by him on January 12, 2003, Ms. Bixler informed him the private reprimand would be rescheduled for May 14, 2003 in Hershey, Pennsylvania.

(16) In that same letter, Ms. Bixler informed respondent that the Board Chair directed that evidence of compliance with the condition attached to the private reprimand must be received on or before January 29, 2003.

(17) Sometime before January 29, 2003, respondent informed Ms. Bixler that he would be unable to comply with the condition until he and his wife refinanced their mortgage, the closing of which was expected to occur in about 45 days, upon which closing, respondent would immediately comply with the condition.

(18) By letter dated January 29, 2003, respondent confirmed his agreement with Ms. Bixler.

(19) Respondent has not complied with the condition attached to the private reprimand.

(20) By notice to appear dated March 28, 2003, sent by first class and certified mail, respondent was directed

to appear for imposition of the private reprimand on May 14, 2003, in Hershey, Pennsylvania.

(21) Although the certified mail copy of the notice to appear dated March 28, 2003, was returned unclaimed, the first class mail was not returned.

(22) On May 14, 2003, respondent failed to appear for the private reprimand.

(23) By letter dated October 6, 2003, sent by first class and certified mail, respondent was directed by the Chair of the Disciplinary Board to provide, within 10 days of date of the letter, "good cause" for his failure to appear for the private reprimand.

(24) Although the certified mail copy of the October 6, 2003 letter was returned unclaimed, the first class mail was not returned.

(25) Respondent never replied to the Disciplinary Board Chair's letter of October 6, 2003.

(26) Respondent failed to file an answer to the petition for discipline filed against him on November 25, 2003.

(27) Respondent was personally served with notice of the disciplinary hearing scheduled for April 14, 2004.

(28) Respondent failed to appear or participate in the disciplinary hearing held on April 14, 2004.

### III. CONCLUSIONS OF LAW

By his conduct as set forth above, respondent violated the following Rules of Professional Conduct:

(1) Pa.R.D.E. 203(b)(2)—Respondent's willful failure to appear before the board for private reprimand is grounds for discipline.

(2) R.P.C. 8.4(d)—It is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice.

(3) Respondent is conclusively deemed to have violated the following Rules of Professional Conduct as a result of his failure to demand the institution of formal proceedings:

(a) R.P.C. 1.15(a)—A lawyer shall hold property of clients or third persons that is in a lawyer's possession, in connection with a representation, separate from the lawyer's own property.

(b) R.P.C. 1.15(b)—Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. A lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.

(c) R.P.C. 8.4(c)—It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

(d) R.P.C. 1.3—A lawyer shall act with reasonable diligence and promptness in representing a client.

(e) R.P.C. 1.4(a)—A lawyer shall keep a client informed about the status of a matter and promptly comply with reasonable requests for information.

(f) R.P.C. 8.4(d)—It is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice.

## IV. DISCUSSION

This matter is before the board on a petition for discipline charging respondent with violations of the Rules of Disciplinary Enforcement and Rules of Professional Conduct arising out of his failure to appear for a private reprimand. Respondent was personally served with the petition for discipline in this matter and did not file an answer. Therefore the allegations are deemed admitted. Rule 208(b)(3), Pa.R.D.E.

Respondent engaged in misconduct in regard to two separate client matters. This misconduct involved client neglect, commingling of funds, and failure to return client funds which respondent was not entitled to keep. Respondent was informed of the determination of a private reprimand and made no demand for the imposition of formal proceedings. The private reprimand was scheduled for January 2003, but was continued at respondent's request due to medical reasons. The board secretary then rescheduled the private reprimand for May 2003. Respondent failed to appear and failed to comply with specific conditions attached to the reprimand. He did not present good cause for his failure to appear. Respondent subsequently failed to appear for the disciplinary hearing in this matter, although he was personally served with notice of time and place.

The record clearly demonstrates respondent's total disregard for his professional license. He has refused to take part in any of the proceedings brought against him. The record is devoid of any explanation or justification for respondent's actions. The board cannot allow respondent to continue practicing without analysis of his fitness to do so. Although respondent is currently on inac-

tive status, at this point in time he need only fulfill his Continuing Legal Education requirements and pay his annual assessment to obtain reinstatement. This could potentially cause harm to the public. A suspension of one year and one day will ensure that respondent's fitness to practice is tested and found sufficient before he is allowed to practice law in Pennsylvania.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania unanimously recommends that the respondent, William W. McVay III, be suspended from the practice of law for a period of one year and one day.

It is further recommended that the expenses incurred in the investigation and prosecution of this matter are to be paid by the respondent.

Board Member McLaughlin recused in this matter.

Board Member Nordenberg did not participate in the September 27, 2004 adjudication.

## ORDER

And now, January 31, 2005, upon consideration of the report and recommendations of the Disciplinary Board dated November 2, 2004, it is hereby ordered that William W. McVay III be and he is suspended from the bar of this Commonwealth for a period of one year and one day, and he shall comply with all the provisions of Rule 217, Pa.R.D.E.

It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.